UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY R. GRINSTEAD, | |
| Petitioner, | |
| v. | CAUSE NO. 3:20-CV-723-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Jerry R. Grinstead, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-20-4-324)) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possession of a controlled substance in violation of Indiana Department of Correction Offense 202. Following a guilty plea, on May 4, 2020, he was sanctioned with a loss of one hundred eighty days of earned credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Grinstead argues that he is entitled to habeas relief because the evidence record for the confiscated packages suggests a break in the chain of custody. Specifically, the evidence record states that Captain Bootz confiscated two packages of white crystal substance at 11:10 a.m. on April 17, 2020, and left it with the internal investigations unit at 11:30 a.m. ECF 1-1 at 1. Below Bootz's entry, Investigator Takals wrote that he delivered the packages to the internal investigations unit at 6:17 a.m. on April 17, 2020.

Grinstead maintains that the evidence record suggests that Investigator Takals mistakenly identified the contents of these packages as methamphetamine based on tests conducted on packages confiscated from another inmate.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record contains statements from Captain Bootz and Sergeant Bauer in which they represented that, at 11:10 a.m., on April 17, 2020, they confiscated from Grinstead a ball of white paper containing two packages of white crystal powder that he had attempted to hide "in his groin area." ECF 1-1 at 7-8. The administrative record further contains Grinstead's guilty plea, which is "an admission of all the elements of the [disciplinary] charge." *McCarthy v. U.S.*, 394 U.S. 459, 466 (1969). It also includes Investigator Takals' identification of the powder as methamphetamine. ECF 1-1 at 1. Even setting aside Investigator Takals' findings, the administrative record contains some evidence that Grinstead possessed controlled substances. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides some evidence for the CAB's decision."). Consequently, even if Grinstead's theory regarding mistaken identification is correct, it was harmless error. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (applying harmless error analysis to prison disciplinary proceedings); *Vaughn*

*v. Superintendent*, 2017 WL 5130198, at *2 (S.D. Ind. 2017) (same). Therefore, the claim regarding the chain of custody is not a basis for habeas relief.

In the petition, Grinstead presents three other arguments regarding the validity of his guilty plea, the severity of his sanctions, and his inability to review the hearing report at the hearing. With respect to the guilty plea, he alleges that the disciplinary officer changed his plea of not guilty to guilty on the hearing report without his consent. Generally, State prisoners must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). On administrative appeal, Grinstead included only his argument regarding the broken chain of custody and a mistaken identification and represented that he told the disciplinary officer that "[he] would plead guilty to them taking something off of [him]" and that other inmates told him that the confiscated packages contained tobacco. ECF 1-1 at 6. Because Grinstead did not exhaust his remedies with respect to his other arguments, they are not a basis for habeas relief.

Grinstead also filed a motion to appoint counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d

3

269, 281 (7th Cir. 1997). Though Grinstead asserts that he has diligently attempted to secure counsel, he offers no details regarding these efforts, such as which lawyers or legal organizations he has contacted, how he has contacted them, or whether he has received any responses. Further, this case is not particularly legally or factually complex, and there is nothing in the record to suggest that Grinstead in incapable of litigating it on his own. Finally, given the limited number of issues involved in this case, it seems unlikely that Grinstead would have a reasonable chance of obtaining habeas relief even with assistance of counsel. Therefore, the motion to appoint counsel is denied.

Because Grinstead has not asserted a valid claim for habeas relief, the habeas petition is denied. If Grinstead wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DENIES the motion for counsel (ECF 2)

(3) DIRECTS the clerk to enter judgment and close this case; and

(4) DENIES Jerry R. Grinstead leave to proceed in forma pauperis on appeal.

SO ORDERED on October 7, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT